# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In the Matter of: | : | CIVIL ACTION |
| | : | |
| JOHN LOWNES, | : | No. 10-1040 |
|   Debtor. | : | BANKRUPTCY APPEAL |

## MEMORANDUM

Schiller, J.                                                                                                                               August 5, 2010

Appellant Amrit Lal claims a judgment he obtained for unpaid rent against the Appellee-Debtor John Lownes acts as a lien on Lownes' mobile home. He further claims that this lien should have passed through Lownes's Chapter 7 bankruptcy unaffected and should not have been discharged. Lal appeals two orders of the Bankruptcy Court. For the reasons below, the Court will affirm the orders and dismiss the appeal.

## I. BACKGROUND

On July 8, 2009, John Lownes filed a voluntary Chapter 7 Bankruptcy Petition. Schedule A of the Petition lists no real property owned by Lownes. Chapter 7 Voluntary Pet., *In re Lownes*, Bankr. Pet. No. 09-15014 (Bankr. E.D. Pa. July 8, 2010), ECF No. 1. As for personal property owned by Lownes, he listed a 2005 Skyline Beerchvill Mobile home, valued at $70,000, under the heading "automobiles, trucks, trailers, and other vehicles and accessories." *Id*. Lownes listed First Corner Stone Bank as a secured creditor and claimed that the bank had a lien on the mobile home in the amount of $68,742.15. *Id*. Lownes did not list the mobile home as exempt personal property but the security deposit he provided to the lot owner, totaling $450, is listed as exempt. *Id*. Lal was listed as a creditor holding an unsecured nonpriority claim in the form of a judgment for $5,026.35. *Id*.

Lownes also filed a debtor's statement indicating that he complied with the Bankruptcy Code's credit counseling requirement. *See* 11 U.S.C. § 727(a)(11). It reported that Lownes "received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted [him] in performing a related budget analysis, and [he has] a certificate from the agency describing the services provided to me." Chapter 7 Voluntary Pet., *In re Lownes*, Bankr. Pet. No. 09-15014 (Bankr. E.D. Pa. July 8, 2010), ECF No. 7.

On July 10, 2009, a Notice of a Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines was docketed. § 341(a) Notice, *In re Lownes*, Bankr. Pet. No. 09-15014 (Bankr. E.D. Pa. July 10, 2010), ECF No. 11. The § 341(a) creditors' meeting was conducted on August 7, 2009. Docket Entry Confirming Meeting, *In re Lownes*, Bankr. Pet. No. 09-15014 (Bankr. E.D. Pa. Aug. 8, 2010). On August 11, 2009, Lownes filed a Debtor Education Financial Management Course certificate. Debtor Educ. Course Certificate, *In re Lownes*, Bankr. Pet. No. 09-15014 (Bankr. E.D. Pa. Aug. 11, 2009), ECF No. 18. On September 2, 2009, Lal filed objections to Lownes's claimed exemptions. He contended that "considering the number of exemptions claimed by the debtor, the creditor's meeting was held in haste, without sufficient and proper notice of essential information contained in the exemptions to the creditors." Lal's Objection to Debtor's Claim of Exemption ¶ 2, *In re Lownes*, Bankr. Pet. No. 09-15014 (Bankr. E.D. Pa. Sept. 2, 2009), ECF No. 24. Lal argued that his pre-petition judgment docketed in the Chester County Court of Common Pleas was not subject to discharge in bankruptcy. *Id.* ¶ 7. Lal also called into question Lownes's need to file for bankruptcy and accused him of being "hale and hearty with a respectable gainful employment with all the perks and benefits." *Id.* ¶ 9. A hearing was set for October 8, 2009 but was continued to

November 12, 2009. Lal failed to appear at the hearing and the Bankruptcy Judge therefore dismissed Lal's objections for failure to prosecute. Order Dismissing Objections, *In re Lownes*, Bankr. Pet. No. 09-15014 (Bankr. E.D. Pa. Nov. 12, 2009), ECF No. 30. Lal sought reconsideration of the dismissal, arguing that he was too sick to stand on the day of the hearing and that though he sent a copy of a motion to continue the hearing to the attorneys for the trustee and the debtor, he was unable to find the fax number of the bankruptcy judge. Mot. for Recons., *In re Lownes*, Bankr. Pet. No. 09-15014 (Bankr. E.D. Pa. Nov. 24, 2009), ECF No. 34. He did however mention his illness and inability to travel to the judge's courtroom deputy. *Id*. The court set a hearing date of December 17, 2009 for Lal's motion for reconsideration. Lownes was discharged on December 4, 2009. Order Discharging Debtor, *In re Lownes*, Bankr. Pet. No. 09-15014 (Bankr. E.D. Pa. Dec. 4, 2009), ECF No. 37.

The hearing took place on December 17, 2009. The bankruptcy judge expressed skepticism about Lal's illness. Lownes's attorney claimed that Lal held "a landlord judgment . . . that was reduced to a judgment in the Court of Common Pleas for unpaid rent" and that Lal was mistaken when he asserted that he was a mortgage holder. Tr. of Oral Arg. at 2-4*, In re Lownes*, Bankr. Pet. No. 09-15014 (Bankr. E.D. Pa. Dec. 17, 2010), ECF No. 40. The Bankruptcy Judge took the matter under advisement and on January 14, 2010, the Bankruptcy Court denied Lal's motion to reinstate his objections to Debtor's exemptions. Order Den. Objections, *In re Lownes*, Bankr. Petition No. 09-15014 (Bankr. E.D. Pa. Jan. 14, 2010), ECF No. 41. The court reiterated its belief that Lal was less than forthcoming about his illness but also concluded that "it is clear that Mr. Lal has no viable substantive challenge to the Debtor's claim of exemption." *Id*. Instead, Lal's concern was that he would suffer financial hardship because he would be unable to make his mortgage payments if his

judgment against Lownes remained unpaid. *Id*. On January 28, 2010, the Bankruptcy Court denied Lal's petition to reconsider the Bankruptcy Court's January 14, 2010 Order. Order Den. Recons., *In re Lownes*, Bankr. Petition No. 09-15014 (Bankr. E.D. Pa. Jan. 28, 2010), ECF No. 44. This appeal followed and after some gentle prodding from this Court, the matter has been fully briefed and is ripe for disposition.

**II.     STANDARD OF REVIEW**

District courts have jurisdiction over appeals from final bankruptcy court orders. 28 U.S.C. § 158(a). A district court reviewing a bankruptcy court's decision has plenary review over the bankruptcy court's legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999); *Computer Personalities Sys. v. Aspect Computer*, 320 B.R. 812, 816 (E.D. Pa. 2005). "Findings of fact . . . shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." FED. R. BANKR. P. 8013; *see also In re Nelson Co.*, 959 F.2d 1260, 1263 (3d Cir. 1992) (citing *Brown v. Pa. State Emps. Credit Union*, 851 F.2d 81, 84 (3d Cir.1988)). A finding of fact is clearly erroneous if the reviewing court, upon review of the record, "is left with the definite and firm conviction that a mistake has been committed." *In re CellNet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Matters left to the discretion of the bankruptcy court judge are reviewed for abuse of that discretion. *In re Martin's Aquarium, Inc.*, 98 F. App'x 911, 913 (3d Cir. 2004). An abuse of discretion exists if the "court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999).

## III. DISCUSSION

### A. Status of the Mobile Home

Lal claims that the mobile home should be treated as real estate for purposes of Pennsylvania law. According to Lal, if the mobile home is real property, Pennsylvania law grants him a lien on that property in the amount of his judgment and that this lien should not have been discharged in the Chapter 7 bankruptcy. (*Id.* at 4-5.)

The classification of Lal's judgment is important to the dischargeability of Lownes's debts. If Lal's judgment against Lownes is a lien on his real property and the mobile home is real property, the judgment should not have been discharged in the Chapter 7 bankruptcy and Lal may be entitled to his $5,026.36. A judgment of a court of common pleas for the payment of money serves as a lien upon real property when entered of record in the clerk's office of the court of common pleas of the county where the real property is located. 42 PA CONS. STAT. § 4303(a). Generally, a judicial lien remains unaffected by a bankruptcy case. *In re Mansaray-Ruffin*, 530 F.3d 230, 235 (3d Cir. 2008); *In re Corio*, Civ. A. No. 07-5864, 2008 WL 4372781, at *4 (D.N.J. Sept. 22, 2008); *In re Lindsey*, 313 B.R. 390, 392 (Bankr. W.D. Pa. 2004). "A bankruptcy discharge does not discharge a judicial lien, rather, the debtor must affirmatively seek to have the judicial lien extinguished." *In re Corio*, 2008 WL 4372781, at *4 (citing *In re Mansaray-Ruffin*, 530 F.3d at 235). A judicial lien, however, may be avoided if it "hinders a debtor's fresh start." *In re Lindsey*, 313 B.R. at 392. Section 522 of the Bankruptcy Code allows a debtor to avoid a judicial lien on the debtor's property if the lien impairs an exemption to which the debtor would otherwise be entitled. 11 U.S.C. § 522(f); *Corio*, 2008 WL 4372781, at *4 (citations omitted) (noting that judicial lien is avoidable to the extent that it impairs debtor's exemption in property). Pursuant to the Bankruptcy Code, a lien impairs an

exemption if the sum of the lien, all other liens on the property, and the amount of the exemption that the debtor could claim if there were no liens on the property "exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)(A). A portion of the lien that does not impair the exemption is not avoidable. *Id*.

In Pennsylvania, chattels used in connection with real estate fall into one of three classes. First, there are chattels which are "manifestly furniture, as distinguished from improvements, and not peculiarly fitted to the property with which they are used." *Clayton v. Lienhard*, 167 A. 321, 322 (Pa. 1933). These are always considered personalty. *Id*. (citations omitted). Second, there are chattels "which are so annexed to the property that they cannot be removed without material injury to the real estate or to themselves." *Id*. at 322 (citations omitted). These are realty, regardless of intent. *Id*. Third, there are chattels "which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed." *Id*. (citations omitted). These are realty or remain personalty depending upon the intention of the parties at the time the chattel was physically connected to the realty. *Id*. A mobile home falls within the third category. *In re Nowlin*, 321 B.R. 678, 681 (E.D. Pa. Bankr. 2005) (citing *Appeal of Lantz*, 184 A.2d 127, 129 (Pa. 1962)).

Whether a mobile home qualifies as real property depends on the following: (1) whether the mobile home is permanently attached to the land; (2) the method by which the mobile home is attached to the land; (3) the ease or difficulty of moving the mobile home from the land; (4) whether the mobile home can be removed from the land without damage to the land; (5) whether the mobile home is necessary or essential to the realty; (6) how long the mobile home has been attached to the land; (7) whether the mobile home and the lot upon which it sits have the same owner; and (8) the

6

conduct of the owner and whether it shows an intent to permanently attach the mobile home to realty. *Nowlin v. Tammac Corp.*, Civ. A. No. 05-1528, 2005 WL 2660377, at *3 (E.D. Pa. Oct. 17, 2005).

The record contains no information that would allow this Court to make the necessary determination of the status of the mobile home. According to Lownes, the land on which the mobile home sits belongs to an uninvolved third party and that Lownes pays "rent" and taxes only on the mobile home and not on the land. (Resp't's Reply Br. at 3.) Presumably to support his argument that the mobile home is personal property, Lal alleges, without a shred of evidence, that Lownes "has some kind of agreement to purchase the real estate upon which the Mobile Home is situated." (Appellant's Br. at 5.) He also cites to his "personal experience" regarding the taxation of mobile homes. (*Id.*) The burden of creating a record upon which the Bankruptcy Court or this Court can render a decision falls upon Lal. *See In re Graham*, 973 F.2d 1089, 1098 (3d Cir. 1992) (noting that a creditor bears the burden of establishing an exception to discharge by a preponderance of the evidence) (citing *Grogan v. Garner*, 498 U.S. 279 (1991)).

In Lal's objections to Lownes's exemptions, he cited a case that held that a judicial lien on a debtor's home is a protectible property interest which a debtor must take affirmative steps to avoid in bankruptcy. *See PNC Bank, N.A. v. Balsamo*, 634 A.2d 645, 651 (Pa. Super. Ct. 1993). But that begs the question of the status of the mobile home, because he put on no evidence that he had a judicial lien on the debtor's home. Lal set forth no evidence in the court below that would support his contention that Lownes's mobile home is real property and this Court therefore rejects the argument.

Because the Court rejects Lal's argument that the mobile home is real property, the Court need not address his claim that the mobile home was undervalued. (Appellant's Br. at 2-3.)

7

### B. Credit Counseling and Notice

Lal also takes issue with Lownes's credit counseling, contending that it was conducted only by phone and internet. The record contains a Certificate of Counseling, signed by a credit counselor, stating that Lownes received credit counseling in accordance with the Bankruptcy Code. Lownes also filed a Certificate of Debtor Education, signed by a credit counselor, stating that he completed a course on personal financial management offered by a provider approved pursuant to the Bankruptcy Code to give instruction on personal financial management. This is sufficient to establish that Lownes met the Bankruptcy Code's credit counseling requirement. Lal's objection to Lowne's credit counseling is rejected.

Finally, Lal complains that he did not receive proper notice. (Appellant's Br. at 6.) He does not further explain this allegation. Furthermore, Lownes asserts that Lal received notices of the creditors' meeting, attended the meeting, and examined Lownes, who was under oath. Lal does not dispute any of these charges. Lal does not expound upon what notice he did not receive and because the record indicates that he received notice and participated in the creditors' meeting, this argument is also rejected.

## IV. CONCLUSION

The Court affirms the Bankruptcy Court's Orders of January 14, 2010 and January 28, 2010 and dismisses Lal's appeal. Although the Court finds Appellant's arguments lack merit, it does not find the appeal frivolous and thus will deny Appellee's request for costs. An Order consistent with this Memorandum will be docketed separately.